UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSHUA GLENN CHELEY,<br>Defendant. | Case No. 6:25-MJ-00048-HBK-1<br>ORDER DENYING RENEWED REQUEST FOR REMOTE APPEARANCE AND REQUEST FOR TRAVEL ASSISTANCE<br>(Doc. 22) |

Before the Court is Defendant's renewed,[1] unopposed request to appear remotely for the September 9, 2026 plea and sentencing hearing or, alternatively, for travel assistance under 18 U.S.C. § 4285. (Doc. 22). Defendant also submitted a declaration concerning anticipated travel costs and lost wages. [2] (Doc. 22-1). The motion is denied, without prejudice to the limited alternatives set forth below.

////

////

////

[1] Defendant's original motion did not identify a factual basis for remote appearance. The renewed request supplies additional information, which the Court has considered.

[2] Defendant estimates that an in-person appearance would result in approximately three days of lost wages, but does not explain why a roundtrip of approximately 400 miles requires three full workdays.

Federal Rule of Criminal Procedure 43 generally requires a defendant's presence at plea and sentencing hearings. In a misdemeanor case, the Court may permit the defendant to appear by video teleconference or in the defendant's absence only with the defendant's written consent and in the Court's discretion. Fed. R. Crim. P. 43(b)(2); *see also United States v. Lange*, 963 F.2d 380, 380 (9th Cir. 1992) . Although the Government does not oppose Defendant's request, its agreement does not control the Court's exercise of discretion.

A guilty plea waives important constitutional trial rights. An in-person plea hearing permits the Court to determine directly whether Defendant understands the charge, the consequences of a guilty plea, the rights being waived, and the terms of any proposed disposition, and whether the plea is knowing and voluntary. An in-person sentencing hearing likewise permits the Court to address Defendant directly, receive allocution, and explain the sentence and its conditions. These considerations weigh in favor of Defendant's personal appearance.

The Court further notes that defendants who reside comparable or greater distances from Yosemite are routinely required to appear personally for misdemeanor proceedings. Requiring Defendant's personal appearance is consistent with the Court's administration of comparable misdemeanor cases and will facilitate a complete plea colloquy, individualized sentencing, and direct advisement concerning any conditions imposed. Because the charged offense arose in Yosemite National Park, an in-person proceeding there is also reasonably related to the Court's interest in accountability for conduct occurring on federal park land.

The Court also notes that reliable remote participation from Yosemite has not always been available. The logistical and technical limitations associated with remote proceedings in Yosemite also weigh against a remote appearance from a private location. A plea and sentencing hearing requires reliable, secure audiovisual communication and the ability to confer confidentially with counsel. The Court therefore finds that an in-person appearance, or a secure video appearance from a federal courthouse if authorized, is more appropriate.

Defendant alternatively seeks travel assistance under 18 U.S.C. § 4285 if he is required to appear in person. That statute permits the Court, upon an appropriate showing, to authorize one-way transportation, but not return travel, for a released defendant who is financially unable to

provide necessary transportation to appear as required and when such assistance serves the interests of justice. *United States v. Centeno*, Case No. 3:09-cr-03120-L, 2009 WL 3334144, at *1 (S.D. Cal. Oct. 15, 2009) (collecting cases). The statute does not authorize reimbursement for wages lost because of a required court appearance. *See United States v. Forest*, 597 F. Supp. 2d 163, 165 (D. Me. 2009). Whether a defendant is indigent for purposes of appointment of counsel is a different standard whether a defendant is eligible for reimbursement of transportation. *Id.*

Defendant has not made an adequate showing that he is unable to pay the necessary cost of transportation. His anticipated lost wages do not, standing alone, establish financial inability to provide transportation. Defendant states that he is employed, has approximately $2,500 remaining monthly after payment of his bills, and has some savings. Defendant estimates fuel costs of approximately $164,[3] but does not provide sufficient information regarding his income, assets, available funds, or other financial obligations to establish an inability to pay that expense. Although the Court previously appointed counsel based on Defendant's indigency, the record at that time reflected that Defendant was unemployed. That earlier determination does not establish Defendant's present inability to pay the necessary cost of transportation.

If Defendant seeks travel assistance under § 4285, he may file a verified request that identifies: (1) the proposed means of transportation; (2) the actual estimated transportation expense; (3) any necessary en route subsistence expense; (4) available funds and assets; and (5) the specific basis for his claimed inability to pay. Any renewed request must be filed promptly.

Alternatively, if Defendant seeks to avoid travel to Yosemite, he may timely request permission to appear by secure video teleconference from the federal courthouse nearest his residence. Any such request must include Defendant's written consent under Rule 43(b)(2), identify the proposed courthouse, confirm the availability of secure video facilities and private attorney-client communications, and be filed sufficiently in advance to permit coordination with that courthouse. The Court retains discretion to grant or deny any such request.

Accordingly, IT IS ORDERED:

[3] Defendant does not specify whether the estimated $164 fuel expense reflects one-way or round-trip travel.

Defendant's Renewed Unopposed Request for Remote Appearance or Request for Travel Assistance (Doc. 22) is DENIED.

Dated: September 3, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE